## Commonwealth *versus* The Cleveland, Painesville, and Ashtabula Railroad Company.

A railroad company incorporated by the state of Ohio, and afterwards authorized by the legislature of this state to extend their road into the territory of this Commonwealth, by purchasing a railroad theretofore built by another company, falls within the class of "Companies incorporated by or under any law of this Commonwealth," and is subject to the tax imposed on such companies by the Act of 29th April, 1844.

Though previously incorporated in Ohio, yet so far as it is a corporation existing and acting in this Commonwealth, it is a creature of our laws, and subject to the taxes imposed on similar companies in this Commonwealth, for the dividends on the proportion of its capital stock used within this state.

Dividends of such company declared out of the profits and paid in stock, are equally liable to the tax as dividends paid in cash.

An amicable action entered in the District Court of Allegheny county, and a case stated therein, between the counsel for the Commonwealth and the company, and submitted to the court, constituted such a cause as that court had authority to hear, and which it was bound to decide.

[Commonwealth *v.* Cleveland, Painesville, and Ashtabula Railroad Co.]

ERROR to the District Court of *Allegheny county.*

This was an amicable action brought, wherein the Commonwealth of Pennsylvania is plaintiff, and the Cleveland, Painesville, and Ashtabula Railroad Company are defendants. The parties agreed to the following case stated.

The Cleveland, Painesville, and Ashtabula Railroad was originally incorporated by an Act of the General Assembly of the State of Ohio, passed the 18th of February, A. D. 1848. By that act, and its supplement passed December 10, 1850, the said company was authorized to locate and construct a railroad, commencing at Cleveland, and running thence eastwardly to the eastern boundary line of the state of Ohio. In pursuance of these acts, the said company constructed the railroad thereby authorized.

By an Act of Assembly of Pennsylvania, passed 9th of April, 1849, the Franklin Canal Company, a corporation established by Pennsylvania, was authorized to construct a certain railroad, as therein provided. And by Act of 28th January, 1854, the charter of the said Franklin Canal Company was annulled. By the Act of 5th May, 1854, the legislature of Pennsylvania authorized defendants to construct and use a railroad from the city of Erie, along the Franklin Canal Railroad, to a point on the state line of Ohio, where it may connect with the Cleveland, Painesville, and Ashtabula Railroad, subject to the provisions of the act regulating railroad companies, passed 19th February, 1849, and to purchase the railroad which had been constructed by the Franklin Canal Company, from the city of Erie to the Ohio state line, and all the right or interest of the Franklin Canal Company, or any other parties, in or to the same.

The defendants accepted the provisions of the act last mentioned, and constructed and purchased the railroad therein referred to.

The length of the railroad from Cleveland to Erie is ninety-five miles and a half; and of that portion of it which lies in Pennsylvania, twenty-five miles and a half.

The authorized capital of the company is $3,000,000; and the amount paid in, on which dividends were paid, was $2,000,000.

On the 1st of January, 1855, a dividend of 5 per cent. on the capital stock was declared, and paid in cash, and on the 1st of July, 1855, another dividend of 5 per cent. was declared, and paid in cash. A further dividend of 10 per cent. in additional capital stock of the company was also declared, and distributed among the stockholders. The stock was then worth more than the par value thereof.

The questions presented are, first, whether the capital stock of the company invested in that portion of the railroad within the state of Pennsylvania, is chargeable with the tax imposed by the 32d and 33d sections of the Act of 29th April, 1844, entitled an Act to Reduce the State Debt, &c.? And, secondly, if it is so

chargeable, whether it is to be assessed upon the stock dividends as well as the cash dividends? If on both these questions the opinion of the court is in favour of the plaintiff, then judgment for plaintiff for $5340.30, with interest from July 1, 1855. If the tax is assessable on the cash dividends only, then judgment for plaintiff for $2670.15, with interest as aforesaid. Otherwise, judgment for defendant. Either party to be at liberty to take a writ of error.

The court below in their opinion say, *inter alia*, that, " It does not appear from the case stated that any tax has been assessed, either upon the stock or cash dividends of this company; on the contrary, one of the questions submitted for decision is, whether the tax imposed by the act is to be assessed upon the stock, as well as the cash dividends. Nor does it appear that any tax whatever has ever been assessed upon or demanded of the company. Nor that any dispute has ever arisen between the parties in regard to the same. The object of this proceeding manifestly is, to obtain the opinion of this court as to the law upon a given state of facts, and not to settle any real controversy between the parties. No part of the defendants' road or property is within the jurisdiction of this court, and, therefore, no legal question in regard to its liability for taxation, should any arise, can ever come before us."

His Honor held that this case could not be distinguished from the cases of Bucks County *v.* Jones, 9 *Harris* 413, and the Guardians of the Poor of the City of Pittsburgh *v.* The City of Allegheny (not reported), and under the authority of these cases he ordered the case to be stricken from the record.

The Commonwealth thereupon sued out this writ, and assigned for error,

1st. The court erred in striking off the " case stated."
2d. The court erred in not entering judgment in the case.
3d. The court erred in not entering judgment for plaintiff.

*Geo. P. Hamilton*, for plaintiff in error.—The Fire Insurance Co. *v.* The County, 9 *Barr* 413; The Navigation Company *v.* The Commissioners of Berks County, 1 *Jones* 202; The Commonwealth *v.* The Pennsylvania Insurance Co., 1 *Harris* 165; The Commonwealth *v.* The City of Philadelphia (argued at December Term, 1855); Saving Fund *v.* Yard, 9 *Barr* 359; Spangler *v.* York, 1 *Harris* 322; Berks County *v.* Bertolet, 1 *Harris* 522; 33d section of the Act of 1844; The Easton Bridge Company *v.* The County, 9 *Barr* 415; 21st *E. C. L. R.* 97; 22d *E. C. L. R.* 195; Jeffries *v.* Gaw, 16 *Sim.* 346; Ex parte New Marsh Trustees.

*Shaler & Co.* for defendants in error.

[Commonwealth *v.* Cleveland, Painesville, and Ashtabula Railroad Co.]

The opinion of the court was delivered by

LOWRIE, C. J.—It seems to us that the District Court had a real cause before them which they ought to have decided. We think also that this company is subject to the state tax imposed by law on such corporations generally. And in assessing the tax no difference can be made between dividends actually paid to the stockholders, and stock dividends, which are profits added to the stock of each corporator.

We think that the defendants fall within the class of " companies incorporated by or under any law of this Commonwealth," mentioned in the tax law of 29th April, 1844.

True, the defendants had an existence in the state of Ohio, and with their present name, independently of any legislation here. But still so far as it is a corporation living, acting, and existing in this state, it is a creature of our law. It is by virtue of our law that that company of individuals is recognised under that corporate name in our state, and by our law it obtains the corporate functions and privileges which it exercises here, and to our law it is responsible for the exercise of them. As a corporation it does not stand before our law, and for all purposes as the identical company that existed under the same name by the law of Ohio. So far as it has existence as a railroad company in our state, it is a company incorporated by our law, and subject to the same taxes as other like companies, and on plain principles of justice it ought to be so regarded. The reservation of the power of taxation in the creative law, is simply a precautionary expression, inserted to exclude an implication that there should be no liability to taxation.

> Judgment reversed, and judgment for the plaintiff for the sum of five thousand three hundred and forty dollars, and thirty cents, with interest from July 1st, 1855, and costs.